# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:08CV106-W

| | |
|---|---|
| JEAN SCOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM AND RECOMMENDATION** |
| ) | |
| JOHN POTTER, POSTMASTER ) | |
| GENERAL, UNITED STATES ) | |
| POSTAL SERVICE, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

**THIS MATTER** is before the Court on the Defendant's "Motion to Dismiss and Incorporated Memorandum of Law" (document #3) filed May 30, 2008; and the Plaintiff's "Memorandum in Opposition ..." (document #4) filed June 16, 2008. The Defendant's counsel has informed chambers' staff telephonically that the Defendant will not file a reply brief.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and the subject Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the Defendant's "Motion to Dismiss" be granted in part and denied in part, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 12, 2004, the Plaintiff, a former employee of the United States Postal Service, filed her first Complaint, seeking damages for gender and race discrimination in violation of in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(e)(1) ("Title VII"). See

Jean Scott v. John Potter, Postmaster General United States Postal Service, NCWD File No. 3:04CV526-MU.

Sometime prior to December 7, 2007, and following an unsuccessful Mediated Settlement Conference, the parties' counsel agreed that the Plaintiff would dismiss the first lawsuit without prejudice and be permitted a 90-day period to re-file the lawsuit, even though the second lawsuit would otherwise be barred by the 90-day statute of limitations governing Title VII claims.[1] See 42 U.S.C. § 2000e- 5(f)(1) (Title VII allows an aggrieved party 90 days after receipt of a "right to sue" letter from the EEOC to file a civil action); and 29 U.S.C. § 626(e).[2]

Accordingly, on December 7, 2007, the Plaintiff filed a "Stipulation of Dismissal" which provided in its entirety:

> NOW COMES the plaintiff, pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, and hereby dismisses this action without prejudice, subject to refiling with a bar to timeliness issues being raised by the defendant if refiled within ninety (90) days of the date of dismissal.

---

[1] The parties hotly dispute what motivated their agreement that the Plaintiff would dismiss and then re-file her Complaint. The Defendant contends that the Plaintiff desired, in effect, a fresh start after "fail[ing] to properly pursue the first case, including fail[ing] to respond to outstanding discovery requests," while the Plaintiff maintains that defense counsel stated that neither party "had ... put their best foot forward" in litigating the first lawsuit and suggested a 90-day hiatus while defense counsel was out of work on maternity leave, followed by both counsel proceeding in a "more professional manner" once the Complaint was re-filed. See Defendant's "Motion to Dismiss and Incorporated Memorandum of Law" at 1-2 (document #3); and Plaintiff's "Memorandum in Opposition ..." at 1-2 (document #4).

[2] Neither the record in the first nor the subject lawsuit indicates the date that the Plaintiff filed her administrative charge with the Equal Employment Opportunity Commission ("EEOC") or the date that the EEOC mailed the Plaintiff what is commonly called a "right to sue" letter, but the parties agree that these events occurred before the first Complaint was filed on October 12, 2004. The parties further agree that a voluntary dismissal pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure does not revive or otherwise extend the statute of limitations for filing a Title VII lawsuit. See, e.g., Brown v. Hartshorne Public School District, 926 F.2d 959, 961 (10th Cir.1991) (dismissing Title VII claim because plaintiff voluntarily dismissed complaint prior to start of trial due to attorney's injury and then re-filed claim after 90-day limitation period); Price v. Digital Equip. Corp., 846 F.2d 1026, 1027 (5th Cir. 1988) (dismissal of Title VII claim for want of prosecution does not toll 90-day limitation period, even when plaintiff later re-files lawsuit); and Neal v. Xerox Corp., 991 F.Supp. 494, 498 (E.D.Va. 1998) (refusing to equitably toll 90-day limitation period for Title VII claim because plaintiff voluntarily dismissed complaint, and then re-filed lawsuit after expiration of 90-day limitation period).

Document #16, NCWD File No. 3:04CV526-MU. The Stipulation was signed by the parties' respective counsel.

On December 10, 2007, the Honorable Graham C. Mullen, the presiding United States District Judge, entered the following "Order":

> THIS MATTER is before the Court upon Plaintiff's Stipulation of Dismissal without Prejudice. [Document # 16]. Defendant has submitted an answer, and therefore, pursuant to Federal Rule of Civil Procedure 41(a)(1), this case is dismissed.

Document #17, NCWD File No. 3:04CV526-MU.

On March 13, 2008, 95 days after the entry of Judge Mullen's December 10, 2007 Order dismissing her first lawsuit, the Plaintiff re-filed her Complaint, which the Plaintiff calculated as a timely filing when including the five-day mailing period applied to the Title VII statute of limitations. See "Complaint" at 5 (document #1); and 29 C.F.R. § 1614.107(d).

On May 30, 2008, the Defendant filed the subject Motion to Dismiss, contending that even allowing the five-day mailing period, the Complaint was untimely filed because the operative "date of dismissal" was December 7, 2007, the date the Stipulation of Dismissal was filed, rather than the filing of the Order three days later. In the alternative, the Defendant seeks dismissal of the Plaintiff's racial discrimination claim on the grounds that the Plaintiff raised only gender discrimination in the administrative charge she filed with the Equal Employment Opportunity Commission ("EEOC").

In her response, the Plaintiff concedes that she did not exhaust her administrative remedies as to her purported race discrimination claim and agrees that claim should be dismissed. See Plaintiff's "Memorandum in Opposition ..." at 3 (document #4). Accordingly, with the Plaintiff's consent and for the other reasons stated therein, the undersigned will respectfully recommend that

the Defendant's Motion to Dismiss be granted as to the Plaintiff's Title VII race discrimination claim.

The remaining portion of the Defendant's Motion to Dismiss has been briefed as set forth above and is, therefore, ripe for disposition.

## II. DISCUSSION

Regardless of the movant's chosen nomenclature, a motion challenging the timeliness of the complaint in a Title VII proceeding is treated as a Fed. R. Civ. P. 12(b)(6) motion to dismiss, which "tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1993), citing 5A C. Wright & A. Miller, Fed. Practice and Procedure §1356 (1990). Accord Cochran v. Morris, 73 F.3d 1310, 1315 (4th Cir. 1996); and Beall v. Abbott Lab., 130 F.3d 614, 620 (4th Cir. 1997).

"A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of [the subject] claim." McNair v. Lend Lease Trucks, Inc., 95 F.3d 325, 328 (4th Cir. 1996)(en banc), citing Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989); and Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969). Accord Republican Party of NC, 980 F.2d at 952 ("A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief") (internal citation omitted).

In considering a Rule 12(b)(6) motion, the complaint must be construed in the light most

favorable to the plaintiff, assuming its factual allegations to be true. See, e.g., Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); Martin Marietta v. Int'l Tel. Satellite, 991 F.2d 94, 97 (4th Cir. 1992); and Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989).

It is well-settled that Title VII allows an aggrieved party 90 days after receipt of a "right to sue" letter from the EEOC to file a civil action. 42 U.S.C. § 2000e- 5(f)(1); and 29 U.S.C. § 626(e). A claimant who fails to file a complaint within the 90-day statutory time period generally forfeits his right to pursue his claim. See Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149-51 (1984). However, in certain circumstances, the time period is subject to equitable tolling. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982).

The Fourth Circuit Court of Appeals has held that equitable tolling applies when an employer's reliance on the applicable statute of limitations would be inequitable. English v. Pabst Brewing Co., 828 F.2d 1047, 1049 (4th Cir. 1987). The limitations period will be tolled if an employee's failure to timely file results from either a "deliberate design by the employer or actions that the employer should unmistakably have understood would cause the employee to delay filing his charge." Price v. Litton Business Sys., Inc., 694 F.2d 963, 965 (4th Cir. 1982). Accord Olson v. Mobil Oil Corp., 904 F.2d 198, 201 (4th Cir. 1990).

As the Plaintiff concedes in her brief and, as noted above, absent the parties' statement in the Stipulation of Dismissal that she would have 90 days from the "date of dismissal" to re-file her lawsuit, her second Complaint would have been untimely, even had it been filed on December 11, 2007, the day after Judge Mullen dismissed her first Complaint. Although the Defendant now contends that the "date of dismissal" was the date of filing of the Stipulation of Dismissal, there is

no indication in the record that discussions between counsel ever reached that topic, and certainly the Stipulation the parties filed was silent as to a specific beginning date for the new 90-day period. Moreover, upon receipt of the Stipulation, the presiding judge felt it appropriate to enter an Order dismissing the case and the Plaintiff's decision to rely on the entry of Judge Mullen's Order as the "date of dismissal" can hardly be characterized as unreasonable.

In short, where the Defendant employer agreed to "a bar to timeliness issues being raised ... if [the Complaint was] refiled within ninety (90) days of the date of dismissal," and where the second lawsuit was filed within 90 days (plus mailing) of the Order dismissing the first case, it would be inequitable for the Defendant to obtain dismissal based on expiration of the statute of limitations. Accordingly, the undersigned will respectfully recommend that the Defendant's Motion to Dismiss be denied as to the expiration of the statute of limitations.
.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the Defendant's "Motion to Dismiss" (document #3) be **GRANTED** as to the Plaintiff's Title VII racial discrimination claim and **DENIED** in all other respects.

### IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with

the district court constitutes a waiver of the right to de novo review by the district court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Frank D. Whitney.

**SO RECOMMENDED AND ORDERED.**

Signed: July 8, 2008

_Carl Horn, III_

Carl Horn, III
United States Magistrate Judge