IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:08CV106-W

| | |
|---|---|
| JEAN SCOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM AND RECOMMENDATION** |
| ) | **AND ORDER** |
| JOHN POTTER, POSTMASTER ) | |
| GENERAL, UNITED STATES ) | |
| POSTAL SERVICE, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

**THIS MATTER** is before the Court on the Defendant's "Motion to Dismiss Plaintiff's Action for Failure to Appear to be Deposed [or Alternatively, to Compel Plaintiff's Attendance at Her Deposition] and Memorandum in Support" (document #11) filed January 8, 2009; and the Plaintiff's "Memorandum in Opposition ..." (document #12) filed January 27, 2009. On January 28, 2009, the Defendant filed his "Reply ..." (document #13).

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and the subject Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the Defendant's "Motion to Dismiss" be <u>granted in part</u> and <u>denied in part</u>, as discussed below.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On March 13, 2008, the Plaintiff, Jean Scott, a former employee of the United States Postal Service, filed her Complaint, seeking damages for gender discrimination in violation of Title VII

of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(e)(1) ("Title VII").

The material facts concerning the present Motion are undisputed. On July 21, 2008, the undersigned entered a Case Management Order (document #8) which set the discovery deadline for December 31, 2008 and the dispositive motions deadline for January 31, 2009. This matter is scheduled for a dispostive motions hearing on April 6, 2009 before the Honorable Frank D. Whitney, and should the Plaintiff's claim survive that hearing, a jury trial is set for May 11, 2009.

On December 8, 2008, defense counsel contacted the Plaintiff's counsel to schedule the Plaintiff's deposition. On December 11, 2008, Plaintiff's counsel responded with proposed dates, but indicated that he had not been able to confirm those dates with his client. The Defendant noticed the deposition for one of the proposed dates – December 29, 2008 – and a Notice of Deposition was served on Plaintiff's counsel on December 12, 2008, by both email and regular mail.

On December 29, 2008, the Plaintiff failed to appear for the noticed deposition. While they waited for the Plaintiff, her attorney, Humphrey S. Cummings, informed defense counsel that the Notice of Deposition he had forwarded to the Plaintiff had not been returned by the Post Office, that she had not returned his phone calls regarding the deposition, that she had not appeared at a meeting Mr. Cummings had scheduled to prepare her for the deposition, and that his office staff had not been able to contact the Plaintiff by telephone that morning. After waiting an hour for the Plaintiff to appear, counsel agreed to reschedule the deposition for January 2, 2009, in order to give Mr. Cummings additional time to contact the Plaintiff. Defense counsel told Mr. Cummings that should the Plaintiff fail to appear for the second deposition, the Defendant intended to seek sanctions in the matter pursuant to the Federal Rules of Civil Procedure. Defense counsel mailed and emailed a revised Notice of Deposition to Mr. Cummings the same day.

Late in the day on December 31, 2008, Mr. Cummings informed defense counsel that he had not been successful in his attempts to contact the Plaintiff and requested that the deposition be canceled to avoid incurring additional costs. Defense counsel cancelled the deposition, thereby avoiding a second court reporter appearance fee.

On January 8, 2009, the Defendant filed his "Motion to Dismiss Plaintiff's Action for Failure to Appear to be Deposed," seeking dismissal with prejudice of the Complaint as a sanction for the Plaintiff's failure to attend her deposition, or in the alternative, an order compelling the Plaintiff to appear for her deposition and to reimburse the Defendant the $100 appearance fee charged by the court reporter for the deposition she failed to attend and also extending the discovery and dispositive motions deadlines.

In her present Affidavit the Plaintiff avers that she recently changed residences and that the mail delivery at her new residence is irregular, often arriving five to ten days late. The Plaintiff further avers that she did not receive her counsel's letter, dated December 15, 2008, notifying her of the deposition, until December 29, 2008, the date she was noticed to appear. The Plaintiff avers further that her telephone service was disconnected from December 25, 2008 through January 2, 2009. Finally, the Plaintiff belatedly represents that she will attend her deposition if it is rescheduled.

As the Defendant points out in his reply brief, the Plaintiff offers no explanation why, upon receiving Mr. Cummings letter informing her that she was required to attend her deposition on December 29, 2008, she made no effort to contact him until sometime after January 2, 2009.

The Defendant's Motion has been briefed as set forth above and is, therefore, ripe for disposition.

## II. DISCUSSION

Whether to grant or deny a motion to compel is a matter generally left within the district court's

substantial discretion. See, e.g., Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting district court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same). Clearly, the Defendant is entitled to depose the Plaintiff and the undersigned will require her to appear to be deposed at a time and place convenient to the Defendant.

Dismissal is a remedy available under Rule 37 for a party's failure to obey rules governing discovery and orders of the district court. See Fed. R. Civ. P. 37(b)(2)(c); National Hockey League v. Metro. Hockey Club, 427 U.S. 639, 643 (1976); Mutual Fed. Sav. & Loan v. Richards & Assocs., 872 F.2d 88, 92 (4th Cir. 1989); and Wilson v. Volkswagen of America, Inc., 561 F.2d 494, 504-04 (4th Cir. 1977). Prior to dismissal, however, the Fourth Circuit has emphasized the significance of both establishing a history of dilatory action and warning to the offending party of what may follow. See, e.g., Hathcock v. Navistar Int'l Transp. Corp., 55 F.3d 36, 40 (4th Cir. 1995); Choice Hotels Int'l v. Goodwin & Boone, 11 F.3d 469, 473 (4th Cir. 1993); and Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953 (4th Cir. 1987).

Rule 37(b)(2) governs the appropriate sanctions for failure to comply with a discovery order, stating in relevant part:

> If a party … fails to obey an order to provide or permit discovery … the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following… (c) An order … dismissing the action or proceeding or any part thereof….

Fed. R. Civ. P. 37(b).

In Mutual Federal, the Fourth Circuit restated the four factors a district court should consider

in deciding whether to impose the sanction of dismissal. These factors are:

> (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

Id. at 92, citing Wilson, 561 F.2d at 503-04.

In light of the Plaintiff's now-expressed willingness to appear at her deposition, and further, because she has not previously been warned by the Court of the sanctions, including dismissal, which could result from her failure to appear at the deposition, the undersigned will respectfully recommend that the Defendant's Motion to Dismiss be denied, so long as the Plaintiff appears for her deposition as ordered below.

The undersigned will require the Plaintiff to reimburse the Defendant for the costs he incurred due to the Plaintiff's failure to attend her noticed deposition, that is, the court reporter's appearance fee.

Finally, the undersigned warns the Plaintiff that any failure to appear at her deposition as ordered below, to fail to respond to any other the Defendant's reasonable discovery requests, or to otherwise comply fully with any of the Court's Orders, the Local Rules, or the Rules of Civil Procedure will likely result in the imposition of further sanctions. **Sanctions can include the Plaintiff being required to pay the Defendant's costs, including reasonable attorney's fees, and dismissal of this lawsuit with prejudice**.

### III. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The alternative relief requested in the Defendant's "Motion to Dismiss Plaintiff's Action for Failure to Appear to be Deposed" (document #11) is **GRANTED**, that is, the Plaintiff shall attend her

deposition at a time and place to be designated by the Defendant on or before February 9, 2009. Counsel for the parties are directed to notify in writing the undersigned's chambers as well as the Honorable Frank D. Whitney's chambers whether the Plaintiff's deposition is, in fact, taken on or before February 9, 2009.

2. The Defendant is **AWARDED** one hundred dollars ($100.00) in costs and the Plaintiff is **ORDERED** to pay this sum on or before February 28, 2009. Payment should be made payable to the United States Department of Justice and sent to Assistant United States Attorney Jennifer A. Youngs, Suite 1650, Carillon Building, 227 West Trade Street, Charlotte, North Carolina 28202.

3. The discovery deadline is extended until February 9, 2009 and the dispositive motions deadline is extended to February 23, 2009.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned will respectfully recommend that the Defendant's "Motion to Dismiss Plaintiff's Action for Failure to Appear to be Deposed" (document #11) be **DENIED**, so long as the Plaintiff attends her deposition as ordered above. However, and now having warned the Plaintiff of the consequences of doing so, should she fail to attend her deposition as ordered, the undersigned respectfully recommends that the Defendant's "Motion to Dismiss Plaintiff's Action for Failure to Appear to be Deposed" (document #11) be **GRANTED** and the Complaint be **DISMISSED WITH PREJUDICE**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir.

2003); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to de novo review by the district court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Frank D. Whitney.

**SO ORDERED AND RECOMMENDED.**

Signed: January 29, 2009

*[signature: Carl Horn, III]*

Carl Horn, III
United States Magistrate Judge